**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 7 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

BRUCE M. POLLOCK,

        Plaintiff-Appellant,

v.

VISTA VILLAGE MOBILE HOME
PARK, c/o HARVEY J. MILLER,
INC.,

        Defendants-Appellees.

No. 00-1008
(D.C. No. 97-N-2395)
(D. Colo.)

**ORDER AND JUDGMENT** *

Before **BRORBY, PORFILIO,** and **MURPHY** , Circuit Judges.

        After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff, appearing *pro se*, filed suit in federal district court seeking review of an amended determination of the Colorado Civil Rights Division, resulting from a complaint plaintiff filed with that agency. The complaint alleged that defendants denied plaintiff the opportunity to complete a sale of his mobile home because of the potential purchasers' national origin, in violation of state law. Plaintiff also sought monetary damages resulting from the loss of the sale. On the magistrate judge's recommendation, the district court dismissed the claim challenging the agency decision for lack of subject matter jurisdiction. With regard to the claim for monetary damages, the court determined that plaintiff had stated a claim under 42 U.S.C. § 3605(a), but it found that the complaint was deficient as to the legal status and factual connections of the two possible defendants on that claim. Consequently, the district court allowed plaintiff ten days to amend his complaint to identify the defendants against whom the claim was directed and to allege facts providing a basis for liability of those defendants under § 3605(a). Plaintiff did not amend his complaint, and, as a result, the district court dismissed the remaining claim.

On appeal, plaintiff takes issue with defendants' failure to waive service under Fed. R. Civ. P. 4(d). Although it is difficult to grasp plaintiff's argument, it is clear that he misunderstands the waiver of service rule. Rule 4(d) merely provides a means by which a defendant can avoid bearing the cost of service of

the summons. The Rule provides that if a defendant does not waive service after a plaintiff has so requested in accordance with the Rule, the defendant shall then be responsible for the costs incurred in effecting service on him, unless the defendant can show good cause for not complying with the request for waiver of service. Fed. R. Civ. P. 4(d)(2) & (5).

In any event, defendants did not challenge the validity of the service of the complaint. In fact, defendants state that they effectively waived any defect in service. There is simply no merit to the argument plaintiff presents on appeal. AFFIRMED.

Entered for the Court

Wade Brorby
Circuit Judge